Alexander Del Giorno, J.
This is a motion for an order to take the testimony by deposition of the State of New York by and through certain employees of the State with knowledge of the facts concerning a certain accident on Route 13 at a point approximately 1.2 miles north of Route 80, in the town of New Woodstock, Madison County. The claimant desires the State to furnish information of any and all motor accidents thereat.from October 20, 1951 to October 20, 1956 inclusive, and of any and all signs, notices, warnings and markers constructed, erected or installed by the defendent advising persons lawfully using-said Route 13 of any curve, bend or dangerous condition, at the scene of the accident, and of any repairs, alterations, changes and acts of maintenance performed by the State or any of its agencies about the location of the alleged accident from October 20, 1953 to October 20, 1956, and further to order the person to be examined to produce all safety records, accident reports and any records pertaining to previous accidents, as well as to all other acts of the State concerning said location and “ any and all other roads,” etc., which intersect Route 13 at the scene of the accident.
After argument, and upon consideration of all the facts submitted, both oral and written, the motion is granted upon the following conditions: examination is permitted as to any and all motor vehicle accidents which took place on a curve or turn on Route 13 at a point approximately 1.2 miles north of the intersection of Route 13 and Route 80 in the town of New Woodstock, County of Madison. The time within which the State is to furnish records of any accident at the point of the present alleged accident shall be limited to the period between October 20, 1954 and October 20, 1956, inclusive. An examination for a period of five years under the conditions described in the moving papers would be excessive. A period prior to a date two years before the accident is too remoto and is not necessarily pertinent to the conditions which existed on the day of the accident.
Examination is permitted of any and all signs, notices, warnings and markers constructed, erected or installed by the *557 defendant along said Boute 13, advising persons lawfully using said Boute 13 of any turn, curve, bend or dangerous condition at a point on said Boute 13 approximately 1.2 miles north of the intersection of Boute 13 and Boute 80 in the town of New Woodstock, County of Madison, between the dates of October 20, 1955 and October 20, 1956, inclusive.
The claimant may examine as to any and all repairs, alterations, changes and acts of maintenance made or performed by the defendant, its agencies, agents, servants and/or employees along Boute 13 only at a point approximately 1.2 miles north of the intersection of Boute 13 and Boute 80.
The claimant may examine one State employee having knowledge of the conditions of Boute 13, namely, Fred Donnelly. In the event that the said Donnelly is unable to give the requisite information and to produce the necessary records, to complete the examination, then the State shall produce such person or persons who can do so and shall furnish the necessary records. Such examination shall be limited to Boute 13, at or about the scene of the accident.
Submit order on notice.